UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONALD EDWARD LUTZ, ) | CASE NO. 1:13 CV 1620 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| TIMOTHY J. MCGINTY, et al., ) | |
| ) | |
| Defendants. ) | |

Pro se plaintiff "Ronald Edward Lutz, the person-mask formerly worn by: ronald, a man," filed the above-captioned action against Timothy J. McGinty, "d/b/a alleged current Prosecutor of Cuyahoga County," William A. Mason, "d/b/a alleged former Prosecutor of Cuyahoga County," Daniel M. Kasaris, "d/b/a alleged former deputy prosecutor of Cuyahoga County," and "Does 1-1000 Wrongdoers." Plaintiff asserts this Court's diversity jurisdiction as he is "not a resident or citizen of the United States or its franchise State of Ohio," but a citizen of heaven and child of God, only (Compl. at 2.) He seeks the immediate return of his "biological property," but authorizes the Court to donate any compensatory damages to charity at a rate of $1,000 from the date of his "unlawful kidnapping." (Compl. at 7.)

*Background*

Plaintiff was convicted in the Court of Common Pleas, Cuyahoga County, of 25 counts stemming from his fraudulent attempt to acquire three cars from a dealership. *See State v. Lutz*, CR-01-403228-A (Cuy. Comm. P. filed Feb. 6, 2001)(McMonagle, J.) He appealed the judgment to the Eighth District Court of Appeals of Ohio, which affirmed his conviction on January 23, 2003. *See State v. Lutz*, No. 80241, 2003 WL 152837 (Ohio App. 8 Dist.).

Plaintiff now claims the indictment filed against him was fatally flawed because "the unverified complaint was fabricated out of thin air." (Compl. at 3.) Because he avers the trial court was not a "true court of law, but merely a caricature of a true Law Court of the people under Law," he leaps to the conclusion that he was maliciously prosecuted. He asks that the "fraudulent RONALD EDWARD LUTZ conviction . . . be stricken, as the alleged judgement was void from the start." (Compl. at 7-8.)

## *Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Onapolis v. Lamanna, 70 F. Supp.2d 809 (N.D. Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); see Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction

Case: 1:13-cv-01620-DAP Doc #: 2 Filed: 08/05/13 3 of 5. PageID #: 21

is divested by unsubstantial claims).

### *Diversity Jurisdiction*

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94(1998)(citation omitted). Here, Plaintiff filed his complaint in this Court based solely on diversity jurisdiction. However, the Complaint fails to meets the statutory requirement for jurisdiction based on diversity of citizenship.

Diversity of citizenship only vests a federal district court with jurisdiction in cases of sufficient value between citizens of different States. See 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, one is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir.1983). A prisoner may be considered to be domiciled in either the state in which he is incarcerated or in the state to which he intends to return after his sentence is served. See Johnson v. Corrections Corp. of America, Case No. 00–4439, 2001 WL 1298982, at * 2 (6th Cir. Aug.8, 2001); see also Stifel v. Hopkins, 477 F.2d 1116, 1124 (6th Cir.1973) (explaining the rebuttable presumption that a prisoner retains his former domicile after incarceration).

Plaintiff is presently incarcerated in Mansfield, Ohio and all the defendants are located in Cleveland, Ohio. He does not state an intention to return to any other state upon the completion of his sentence. Instead, he claims he is a citizen of "heaven" and refuses to acknowledge any residency in the United States. Therefore, the Court considers Plaintiff domiciled in Ohio.

For diversity jurisdiction to exist, a plaintiff must be a citizen of a different state than all of the defendants. See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,176 F.3d 904, 907 (6th Cir.1999).

The defendants in this action are all located in Ohio. Because the Court has determined Plaintiff is a citizen of Ohio, diversity jurisdiction does not exist.

*Failure to State a Claim*

Even acknowledging Plaintiff's pro se status and the fact that he resided in California prior to his incarceration in Ohio, see Lutz, No. 80241, 2003 WL 152837, at *1, n.1 ("[b]ecause defendant was from California and had no ties to Ohio, he was considered a flight risk"), the Complaint is still fatally flawed.

A plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Assn. of Cleveland Fire Fighters v. Cleveland, 502 F.3d 545, 548 (6th Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, __,127 S.Ct. 1955, 1964-65 (2007)). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citation and quotation marks omitted). If, however, an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir.1995) (citing Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir.1993)).

To test the sufficiency of a complaint requires the Court to identify any conclusory allegations. Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Bell, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Bell, 550 U.S. at 555 (citations and quotation marks omitted).

The Complaint before this Court is rife with conclusory statements that have no basis in law or fact. Plaintiff's conviction was affirmed on appeal, therefore all of his claims regarding the State court's lack of jurisdiction, his new identity and that his indictment is void all fail to state any claim that would entitle him to relief.

*Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/5/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.